IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MALIK GREEN,

    Petitioner,
v.                                               CASE NO. 1:20-cv-70-MCR-GRJ

SECRETARY, FL. DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

The magistrate judge issued a Report and Recommendation on January 18, 2022 (ECF No. 27). The parties were furnished a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28 United States Code, Section 636(b)(1). Petitioner filed his objections on March 3, 2022 (ECF No. 30). After careful *de novo* consideration of the Report and Recommendation, Petitioner's objections, and the record, I have now determined that the objections are due to be overruled, and the Report and Recommendation adopted. The state courts concluded that none of Petitioner's asserted grounds for relief based on ineffective assistance of counsel would have altered the outcome of trial. The trial was riddled with inconsistencies, which the jury evaluated and resolved against Green. It is unlikely that the additional inconsistencies he raises

would have impacted the outcome. The Court agrees with the magistrate judge that, even assuming counsel's performance was deficient with regard to Ground 1, the state court's determination that Green's testimony would not have changed the outcome was not an unreasonable application of *Strickland* in light of the record. As to Ground 2, neither deficient performance nor prejudice is shown. The remainder of the objections are also rejected after *de novo* review, for reasons stated by the magistrate judge.

Additionally, the Court has reviewed the objection to the magistrate judge's Order of January 13. 2022, denying the Petitioner's request to supplement the record. When reviewing a nondispositive order of a magistrate judge, this Court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). The clear error standard of review is "highly deferential." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A finding is "clearly erroneous" only if, despite evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court concludes that the magistrate judge's decision to consider only the record that was before the state courts is neither clearly erroneous nor contrary to law, and the objection is

overruled.[1]

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's Report and Recommendation, ECF No. 27, is adopted and incorporated by reference in this order, and the Petitioner's objections (ECF No. 30) are **OVERRULED**.

2. Petitioner's objection (ECF No. 30) to the Order dated January 13, 2022, ECF No. 26, is **OVERRULED**.

3. The Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED** and a certificate of appealability is **DENIED**.

4. The Clerk is directed to close the file.

**DONE AND ORDERED** this 17th day of October 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Regardless, the substance of the affidavits in fact was before the state court in the postconviction proceedings through Jackson's deposition and Green's averments regarding what he would have testified to, and that record has been considered. *See e.g.* ECF No. 11–17 at 113–132. Given the credibility problems of the co-defendant, Jackson, and the fact that the person Jackson later identified as his accomplice did not meet the physical description given by the victim, who identified Green, the affidavits would not have changed the outcome. Also, the trial transcript reflected Green's conflicting statements to the officer during the traffic stop about his own whereabouts, which he chose not to explain during trial.